UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WILLIAM L. ABARQUEZ, *et al.*,

    Plaintiffs,

    v.

ONEWEST BANK, FSB,

    Defendant.

Case No. C11-0029RSL

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

## I. INTRODUCTION

This matter comes before the Court on defendant's motion to dismiss plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6). Dkt. # 7. Plaintiffs' *pro se* complaint appears to allege numerous federal and state claims related to plaintiffs' home loan and the foreclosure sale that occurred following plaintiffs' default. Having reviewed the motion thoroughly, and noting the absence of a response from plaintiffs, the Court GRANTS defendant's motion and DISMISSES plaintiffs' complaint.[1]

---

[1] Because this motion can be decided based on defendant's memorandum and the balance of the record, defendant's request for oral argument is denied.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 1

## II.  BACKGROUND

**A.  Documents Considered by the Court**

In ruling on a motion to dismiss, the Court generally may not consider material beyond the pleadings.  Lee v. City of Los Angeles, 250 F.3d 668, 668 (9th Cir. 2001).  However, the Court may consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [complaint]."  Branch v. Tunnell, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 111 (9th Cir. 2002).  The Court may also look beyond plaintiffs' complaint to matters of public record.  Shaw v. Hahn, 56 F.3d 1128, 1129 n.1 (9th Cir. 1995).

Here, defendant asks the Court to take judicial notice of certain documents that provide necessary context in this case.  Defendant's Request for Judicial Notice ("RJN") (Dkt. # 8) at p. 1.  These documents are (1) the promissory note providing evidence of plaintiffs' debt (RJN, Ex. A); (2) plaintiffs' deed of trust (RJN, Ex. B); (3) a notice of trustee's sale issued upon plaintiffs' default (RJN, Ex. C); and (4) the trustee's deed issued after foreclosure of plaintiffs' home (RJN, Ex. D).  The deed of trust, notice of trustee's sale, and trustee's deed were all recorded with the King County Recorder's Office.  See RJN, Ex. B-D.  The Court takes notice of these three documents.  See Kelley v. Mortgage Elec. Registration Sys., Inc., 642 F. Supp. 2d 1048, 1053 (N.D. Cal. 2009) (taking notice of similar documents).  The Court will also take notice of the promissory note.  Although plaintiffs point out that the note was never notarized, Complaint ¶ 37 ("Plaintiffs allege the mortgage Note is unproven . . . ."), they do not dispute their signatures on the document.

Finally, the Court notes that the neither the "Securitization Audit and Affidavit" attached to the complaint as Exhibit C nor the "Forensic Audit Report and Affidavit" attached as Exhibit D may be considered by the Court as evidence.  Plaintiffs must state facts sufficient to state a claim for relief in their complaint and may not rely on legal conclusions contained in these

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 2

reports.

**B. Facts**

In 1995, plaintiffs William and Josefina Abarquez purchased a home in Renton, Washington. Complaint ¶ 21 (Dkt. 1); see also id., Ex. F. On Feb. 14, 2007, plaintiffs refinanced their home by taking out an adjustable rate loan. See RJN, Ex. A (promissory note). In total, plaintiffs borrowed $350,400 against their home. Id. Monthly payments were initially set at $2,190. Id. As security for the note, plaintiffs executed a deed of trust naming MILA, Inc., as the lender, Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee beneficiary, and Stewart Title Company as the trustee. Id., Ex. B.

Plaintiffs stopped making payments beginning in February 2009 and later received written notice of default. See id., Ex. C at p. 3 (indicating that plaintiffs were served with notice of default on Nov. 11, 2009). Next, MERS assigned its beneficial interest to defendant, which began servicing the loan. Complaint, Ex. E. Defendant replaced Stewart Title with a successor trustee, Northwest Trustee Services, Inc., id., Ex. G (Dkt. # 1-2 at p. 42), which then initiated foreclosure proceedings by recording a notice of trustee's sale. RJN, Ex. C. Finally, on January 7, 2011, Northwest sold plaintiffs' home in a public auction. Id., Ex. D.

Plaintiffs filed a "Verified Complaint for Quiet Title" one day before the foreclosure sale, seeking: (1) an order quieting title; (2) an order rescinding the foreclosure sale; (3) an order rescinding the deed of trust naming defendant as the beneficiary; (4) a permanent injunction preventing defendant from engaging in any further "improper, unlawful, unfair, fraudulent and/or deceptive conduct"; and (5) fees and costs. Complaint at p. 19. Notably, plaintiffs did not seek any monetary damages.

**III. DISCUSSION**

**A. Standard of Review**

Under Fed. R. Civ. P. 12(b)(6), the Court may dismiss a complaint for "failure to state a claim upon which relief can be granted." In ruling on a motion to dismiss, the Court must

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 3

construe the complaint in the light most favorable to the non-moving party. <u>Livid Holdings Ltd. v. Salomon Smith Barney, Inc.</u>, 416 F.3d 940, 946 (9th Cir. 2005). The Court must accept all well-pleaded allegations of material fact as true and draw all reasonable inferences in favor of the plaintiff. <u>Wyler Summit P'ship v. Turner Broad. Sys.</u>, 135 F.3d 658, 661 (9th Cir. 1998).

Dismissal is appropriate where a complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Aschcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009). As a result, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555.

Although the Court holds the pleadings of *pro se* plaintiffs to "less stringent standards than those of licensed attorneys," <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), "those pleadings nonetheless must meet some minimum threshold in providing a defendant with notice of what it is that it allegedly did wrong." <u>Brazil v. U.S. Dept. of Navy</u>, 66 F.3d 193, 198-99 (9th Cir. 1995). The Court should not "supply essential elements of the claim that were not initially pled." <u>Bruns v. National Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997).

**B. Plaintiffs' Failure to Respond**

The Court considers plaintiffs' failure to respond to defendant's motion as an admission that the motion has merit. Local Rule CR 7(b)(2).[2] Nonetheless, in light of plaintiffs' *pro se* status, the Court will address the merits of defendant's motion below.

**C. Fraud, Unconscionability, and Predatory Lending Practices**

Throughout their complaint, plaintiffs allege various forms of fraud. For example,

---

[2] In light of plaintiffs' failure to respond to this motion and the likelihood that they have abandoned their claims, the Court dismisses some of plaintiffs' claims without prejudice rather than granting leave to amend.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 4

1  plaintiffs allege that they were "enticed through predatory, fraudulent, [and] unlawful lending
2  practices" to sign the note and deed of trust. Complaint ¶ 23; see also id. ¶ 26. Plaintiffs also
3  allege that the promissory note and deed of trust were unconscionable due to their "cognovit
4  clauses and intentions." Complaint at p. 17; see also id. ¶ 34.

5  Under Fed. R. Civ. P. 9(b), plaintiffs must plead fraud with particularity, providing the
6  "who, what, when, where, and how" of the purported fraud. Vess v. Ciba-Geigy Corp. USA,
7  317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation omitted). The allegations must be
8  "specific enough to give defendants notice of the particular misconduct which is alleged to
9  constitute the fraud charged so that they can defend against the charge and not just deny that
10 they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). In
11 Washington, moreover, fraud has the following elements: (1) representation of an existing fact;
12 (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that
13 it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's
14 reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages
15 suffered by the plaintiff. Stiley v. Block, 130 Wn.2d 486, 505 (1996).

16 Here, plaintiffs failed to allege with specificity any fraudulent conduct attributable to
17 defendant. Rather, plaintiffs' claims appear to be directed primarily at third parties. See, e.g.,
18 Complaint ¶ 35 ("Plaintiffs allege the related mortgage Note is void because it was *obtained* by
19 fraud . . . .") (emphasis added). Because plaintiffs' allegations appear to address the loan
20 origination and closing procedures, the Court fails to see how plaintiffs' claims implicate
21 defendant. The Court dismisses plaintiffs' fraud, unconscionability, and predatory lending
22 practices claims without prejudice.

**D. Constitutional Violations**

24 Plaintiffs' complaint alleges that this case "arises under" 42 U.S.C. § 1983, Article IV,
25 Section 4 and Article III, Sections 1 and 2, of the United States Constitution, and the Seventh,
26 Thirteenth, and Fourteenth Amendments to the United States Constitution. Complaint ¶ 6, 9-10.

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 5

The complaint is devoid of any further references to these allegations, other than a conclusory assertion that defendant "deprived the Plaintiffs of civil rights, due process of law and equal protection under the law." Id. ¶ 48. Even under a liberal pleading standard, these allegations are merely "labels and conclusions." Twombly, 550 U.S. at 555. Plaintiffs do not allege any facts showing that defendant acted with discriminatory intent or racial animus, or that defendant is a "party engaged in state action under color of law." Brunette v. Humane Soc'y of Ventura County, 294 F.3d 1205, 1209 (9th Cir. 2002). The Court dismisses these allegations, to the extent plaintiffs intended to bring them, with prejudice.

### E. HOEPA Violation

Plaintiffs' complaint (¶ 12) contains a vague reference to the Home Ownership Equity Preservation Act, 15 U.S.C. § 1639 ("HOEPA"). The Court has difficulty determining whether plaintiffs actually intended to allege a HOEPA violation. Regardless, plaintiffs' threadbare reference to the statute, unaccompanied by any factual allegations demonstrating the statute's applicability to plaintiffs' loan, does not state a claim upon which relief can be granted. Plaintiffs' alleged HOEPA violation is dismissed without prejudice.

### F. RESPA Violations

Plaintiffs' complaint appears to allege violations of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. §§ 2601-2617. See, e.g., Complaint ¶ 12. RESPA confers a private right of action to address allegations of unearned fees or kickbacks. 12 U.S.C. § 2607. The Act also confers a private cause of action where a loan servicer fails to give proper notice of transfer. 12 U.S.C. § 2605. Both the transferor and the transferee must provide adequate notice. Id. Finally, RESPA requires loan servicers to disclose certain information upon a "qualified written request from the borrower." Id. § 2605(e)(1)(A).

Plaintiffs do not explain, nor can this Court understand, how any of the alleged RESPA violations implicate defendant. As a transferee loan servicer, defendant may be liable if it provided plaintiffs with inadequate notice of the transfer or if failed to respond in a timely

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 6

manner to a qualified written request.  Plaintiffs' complaint contains only the bare assertion that "Plaintiff's [sic] Qualified Written Request was never answered."  Complaint at p. 18.  Without any further explanation, this Court cannot assess the validity of that statement.  Plaintiffs' RESPA claims, to the extent they exist, are dismissed without prejudice.

### G.  TILA Violations

Plaintiffs' complaint contains stray references to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* (Complaint ¶ 12)*,* and to implementing Regulation Z, 12 C.F.R. 226.32 (Complaint ¶ 14).  Plaintiffs also purport to "bring this matter forth to this Court on the grounds of FEDERAL QUESTIONS relating to violations of . . . TILA."  Complaint at p. 16.

Because plaintiffs do not seek money damages, the Court will assume that plaintiffs have alleged TILA violations solely as grounds for rescission of their loan.  See 15 U.S.C. § 1635 (right of rescission).  That claim, to the extent plaintiffs intended to bring it, requires dismissal.  Under Ninth Circuit precedent, "rescission *should be* conditioned on repayment of the amounts advanced by the lender."  Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003) (citations omitted) (emphasis in original); see also ING Bank v. Korn, No. C09-124Z, 2009 WL 1455488, at *1 (W.D. Wash., May 22, 2009) (citing Yamamoto and dismissing TILA rescission claim where borrowers failed to allege ability to pay back loan amounts).  Plaintiffs have nowhere alleged the ability to tender the money they received under the loan agreement.  Plaintiffs' TILA claims, if any, are dismissed without prejudice.

### H.  Quiet Title Claim

Plaintiffs seek an order quieting title in themselves.  However, defendant disclaims all adverse interest in the property's title and asks for dismissal on the ground that it is an improper party.  See Motion at p. 7 ("[Defendant's] sole connection to plaintiffs' loan is as loan servicer and beneficiary of plaintiffs' trust deed").  Washington law requires that a plaintiff bring a quiet title claim "against the tenant in possession . . . [or] against the person claiming the title or some interest" in real property in which the plaintiff has a valid interest.  RCW 7.28.010; see also

ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS - 7

Evans v. BAC Home Loans Servicing LP, No. C10-0656 RSM, 2010 WL 5138394, at *4 (W.D. Wash., Dec. 10, 2010) ("Absent an allegation that Defendant has asserted any title interest in the disputed property, Defendant is not a proper party to this [quiet title] action."). Defendant's argument for dismissal has merit.

Moreover, if plaintiffs hoped that their quiet title claim would prevent the foreclosure sale from taking place, they were mistaken. Under Washington law, only a restraining order or injunction can forestall a trustee's sale. See RCW 61.24.130; see also CHD, Inc. v. Boyles, 138 Wn. App. 131, 137 (2007) ("The sole method to contest and enjoin a foreclosure sale is to file an action to enjoin or restrain the sale in accordance with RCW 61.24.130."). Plaintiffs failed to move for an injunction, and they cannot do so now.

Because defendant is not a proper party, and because plaintiffs failed to seek the correct remedy, the Court dismisses plaintiffs' quiet title claim with prejudice.

## IV. CONCLUSION

Having construed plaintiffs' complaint liberally, the Court GRANTS defendant's motion to dismiss. Dkt. # 7. Plaintiffs' fraud, TILA, HOEPA, and RESPA claims are DISMISSED without prejudice. Plaintiffs' constitutional and quiet title claims are DISMISSED with prejudice. The Clerk of the Court is directed to enter judgment in favor of defendant and against plaintiffs.

DATED this 15th day of April, 2011.

*[signature]*
Robert S. Lasnik
United States District Judge